IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTTV, INC.,

    Plaintiff,                                               CIV-S-03-CV-948 GEB GGH PS

    vs.

JESSE ABUNDEZ, et al.,

    Defendant.                                        <u>ORDER</u>

        Pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 16-240, IT IS HEREBY ORDERED that:

        1. The parties shall submit to the court, on or before May 13, 2005, a joint status report briefly setting out their views on the following matters:

              a. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

              b. Whether this matter is to be tried before the undersigned or the district judge. <u>See</u> 28 U.S.C. § 636(c);

              c. Whether the counsel will stipulate to the trial judge acting as settlement judge and waiving any disqualifications by virtue of his so acting, or whether they prefer to have a Settlement Conference before another judge;

    d. Any other matters that may add to the just and expeditious disposition of this matter.

   2. Counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (<u>see</u> Local Rule 16-160).

   3. A Final Pretrial Conference is set for February 6, 2006 at 3:30 p.m. in Courtroom No. 10 before District Judge Garland E. Burrell.  Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

   Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

   Notwithstanding the provisions of Local Rule 16-281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues are to be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial.  <u>The court is not interested in a listing of all</u>

\\\\\

1  evidentiary facts underlying the issues that are in dispute.[1]  The joint statement of undisputed
2  facts and disputed factual issues is to be filed with the court concurrently with the filing of
3  plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the
4  jury.
5         Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in
6  their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no
7  matter for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but
8  shall be attached as separate documents to be used as addenda to the Final Pretrial Order.
9  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.
10 The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at
11 trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly
12 applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to
13 call or use will be viewed as an abuse of the court's processes.
14        Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty
15 at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the
16 elimination of frivolous claims or defenses; (b) settling of facts which should be properly
17 admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must
18 prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with
19 these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF
20 SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of
21 claims or defenses, or such other sanctions as the court deems appropriate.
22 \\\\\
23 \\\\\
24 \\\\\

---

25
26  [1]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1 | 4. Trial is set for May 9, 2006 at 9:00 a.m. in Courtroom No. 10 before District
2 | Judge Garland E. Burrell.
3 | DATED: 4/20/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
DirectTV0948.sch