IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DIRECTV INC.,                 )
                              )     2:03-cv-0948-GEB-GGH-PS
          Plaintiff,          )
                              )
     vs.                      )     ORDER
                              )
PETER CAO,                    )
                              )
          Defendant.*         )
_____)
```

On June 20, 2005, the Magistrate Judge ordered Defendant to show cause within ten days from the date of the Order as to why he failed to participate in the filing of a Joint Status Report ("JSR") in accordance with the Rule 16 Scheduling Order.[1]  Defendant failed to respond.  On August 18, 2005, the Magistrate Judge ordered Defendant to show cause within ten days

---

[*] On September 9, 2003, the Court entered default judgments against Defendants Jess Abundez, Dave Alvarez, and Brad Hudson. The caption is amended because Defendant Peter Cao is the only remaining Defendant.

[1] All references to "Rule 16" are to Federal Rule of Civil Procedure 16.

1

1  of the date of the Order as to why Defendant's answer should not
2  be stricken and judgment entered for Plaintiff due to his failure
3  to participate in the filing of a JSR and his failure to respond
4  to the Order filed June 20, 2005.  Again, Defendant failed to
5  respond.  On October 20, 2005, the Magistrate Judge filed
6  proposed Findings and Recommendations, which recommended striking
7  Defendant's answer and entering judgment for Plaintiff.  The
8  Magistrate Judge provided Plaintiff with twenty days to file
9  written objections to the proposed Findings and Recommendations.
10 Plaintiff did not file any objections.  Accordingly, the Court
11 presumes any findings of fact are correct.  See Orland v. United
12 States, 602 F.2d 207, 208 (9th Cir. 1999).
13         The conclusions of law are reviewed de novo.  See Britt
14 v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.
15 1983).  Pursuant to Rule 16(f), the Court may impose sanctions,
16 including striking the answer and entering judgment for the
17 plaintiff, if the defendant fails to obey a Rule 16 scheduling
18 order.  See, e.g., Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th
19 Cir. 2003).  However, before entering judgment as a sanction, the
20 Court must weigh (1) the public's interest in expeditious
21 resolution of litigation; (2) the need to manage court dockets;
22 (3) the risk of prejudice to the plaintiff; (4) the public policy
23 favoring disposition of cases on their merits; and (5) the
24 availability of less drastic sanctions.  Dahl v. City of
25 Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).  In addition,
26 the Court must determine whether the defendant "demonstrated

1 willfulness, bad faith, or fault." <u>Jorgensen</u>, 320 F.3d at 912;
2 <u>Fjelstad v. American Honda Motor Co., Inc.</u>, 762 F.2d 1334, 1340
3 (9th Cir. 1985).
4     After considering these factors, the Court concludes
5 that striking Defendant's answer is an appropriate sanction. <u>See</u>
6 <u>Dahl</u>, 84 F.3d at 366 (dismissal of the plaintiff's complaint was
7 an appropriate sanction because it was not "clearly outside the
8 acceptable range" of sanctions given the facts of the case).
9 However, judgment will not be entered for Plaintiff at this time
10 because the Findings and Recommendations do not specify the
11 judgment sum.
12     IT IS SO ORDERED.
13 Dated:  December 20, 2005

15                            <u>/s/ Garland E. Burrell, Jr.</u>
                             GARLAND E. BURRELL, JR.
                             United States District Judge