IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV INC.,

        Plaintiff,                         No. CIV S-03-0948 GEB GGH PS

  vs.

Peter Cao, et al.,

        Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        By order filed December 20, 2005, the Honorable Garland E. Burrell, Jr., United States District Judge, ordered the striking of defendant's answer as an appropriate sanction to defendant's repeated failure to show cause or otherwise respond to this court's order to participate in a Joint Status Conference in accordance with Rule 16 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). Judge Burrell did not enter judgment for plaintiff as the proposed Findings and Recommendations did not specify the judgment sum.

BACKGROUND

        On December 2, 2002, plaintiff filed the underlying complaint in this action against, inter alia, defendant Peter Cao, alleging defendant purchased and used a pirate access device to permit viewing of plaintiff's direct broadcast satellite system programming, in violation of, inter alia, the Communications Act, 47 U.S.C. § 605 and the Federal Wiretap Laws, §§

2511(1)(a) and 2512(1)(b). The complaint alleges defendant Cao purchased a Pirate Access Devices from Shutt, consisting of a printed circuit board device called an "unlooper" that defendant used to steal satellite television from plaintiff. The summons and complaint were served on defendant on December 12, 2002. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant failed to file an answer or otherwise appear in this action and on January 16, 2003, plaintiff requested entry of default judgment. The clerk entered default against defendant on January 17, 2003.

On January 29, 2003, defendant filed a motion requesting relief from the default judgment under Fed. R. Civ. P. 60. In an affidavit attached to the motion, defendant claimed that he was unaware of the complaint and the need to file an answer because he does not speak English and he inadvertently passed the complaint and summons to his employer when it was received by him at his workplace. As a result of settlement communications and a stipulation between the parties, Judge Burrell set aside and vacated the default judgment on February 18, 2003, permitting defendant to file a responsive pleading to the complaint. Defendant was to file this answer no later than March 8, 2003.

On April 2, 2003, 25 days after defendant's answer was due, plaintiff filed a second request for default judgment.

On April 9, 2003, defendant filed an answer denying all but paragraphs 15, 19, 23, and 28 of plaintiff's complaint. Defendant made no mention of paragraph 15, 19, 23, and 28.

This court issued a scheduling order on April 20, 2005. The parties were ordered to submit a joint status report no later than May 13, 2005. On that day, plaintiff filed an individual status report stating that all efforts to establish contact with defendant through mail and telephone in order to complete the required report had failed. Plaintiff received confirmation that the report had been delivered to defendant's address. In addition, several unsuccessful attempts were made by plaintiff's representatives to contact defendant on the telephone.

1        On June 20, 2005, this court ordered defendant to show cause, within ten days, why his answer should not be stricken and judgment entered for plaintiff.  The ten day period expired without any response and defendant was provided a second opportunity to show cause on August 18, 2005.  Once again, defendant did not respond to this show cause order.

        On October 20, 2005, this court filed proposed Findings and Recommendations, which recommended striking defendant's answer and entering judgment for plaintiff.  These proposed Findings and Recommendations were based upon defendant's persistent failure to participate in the filing of a Joint Status Report in accordance with Fed. R. Civ. P. 16.  Defendant was given 20 days from the date of the filing of the proposed Findings and Recommendations to raise objections with the District Court.  No objections were filed.

        The District Court accepted the recommendation for dismissal of the answer on December 20, 2005.  However, the court did not enter judgment for plaintiff because the Findings and Recommendation did not specify a sum certain.

DISCUSSION

        Despite the fact that defendant has denied all of the allegations against him, the facts in this case are as alleged by plaintiff in their complaint.  The dismissal of the answer and entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

        Defendant acquired his pirate device on or about July 7, 2000.  Plaintiff learned of defendant's activities on or about May 25, 2001 and filed this action in December 2, 2002.  Plaintiff served the complaint on defendant on December 12, 2002.  While there are no facts on the matter, the court gives plaintiff the benefit of a doubt and assumes he ceased use of the pirate device on that day.  As a result, defendant used the pirate device to receive satellite television signals from defendant for up to 888 days (July 7, 2000 through December 12, 2002).

In the event of trial, the complaint prays for statutory damages in accordance with 47 U.S.C.§ 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2) (the Wiretap Law), or compensatory and punitive damaged in accordance with 47 U.S.C.§ 605(e)(3)(C)(i)(I) and 18 U.S.C. § 2520(c)(2), and California common law, and reasonable attorneys fees in accordance with 47 U.S.C.§ 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3). Complaint at 8:14-18. In the event of default, the complaint requests an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications Act.) Complaint at 8:12. However, § 605(e)(4), prohibits manufacture, assembly, modification, import, export, sale or distribution of pirate access devices. It does not apply to possessors or users of pirate devices, such as defendant. Regardless, 18 U.S.C. § 2520(a) does permit a private cause of action against users of pirate devices. Compare Directv, Inc., v. EQ Stuff, Inc., 207 F. Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of action for *possessor* of pirate devices).

A reasonable, fair inference to be drawn from the fact of possession of the "unlooper" for over two years, and especially since defendant's persistent failure to defend has denied discovery on the precise point, is that defendant used the pirate device to receive satellite signals from plaintiff. The undersigned so finds. According, 18 U.S.C. § 2520 is an appropriate source of law for the court to use to guide the judgment. In a private action against a user of a pirate device, § 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or $10,000. The language of 18 U.S.C. § 2520(c)(2) provides two alternatives for damages. Specifically, the statute provides:

> In any other action under this section, the court may assess as damages whichever is the greater of--
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of <u>$100 a day for each day of violation or $10,000</u>.

18 U.S.C. § 2520(c)(2) (emphasis added).  Whether to award damages under the wiretap law may be discretionary and violations of both subsections (A) and (B) likely do not require imposition of the greater penalty.  Compare Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999); Reynolds v. Spear, 93 F.3d 428, 434 (8th Cir. 1996); DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); with Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990) (no discretion).  Because of the use of the permissive "may" in the statute, the undersigned follows the "discretion" jurisdiction.  However, the court sees no factors which would cause it not to make some award under the statute, especially because defendant has seen fit not to proffer any.

Defendant may be liable under § 2520(c)(2)(B) for up to $88,800 based on his apparent use of the pirate device for 888 days.  The court deems this punishment to be excessive in light of the offense committed.  Instead, the court turns instead to § 2520(c)(2)(A) for guidance and imposition of an appropriate judgment.

The complaint makes no representation regarding the actual damages suffered by plaintiff and the facts do not indicate that defendant profited from his pirating of a satellite signal.  However, on multiple occasions, plaintiff requested default judgment in the amount of $10,000.  The court finds this amount to be an approximation of plaintiff's actual damages under § 2520(c)(2)(A).  The plaintiff has not stated the amount of attorney's fees in their complaint or requests for default judgment.

The court deems defaulting defendant, by his failure to show cause on multiple occasions, to have waived any objections to the statutory source of the damages prayed for in the instant motion.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

In view of the foregoing findings, IT IS RECOMMENDED that judgment be entered for plaintiff in the amount of $10,000.

\\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, either party may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991)
8  DATED: 1/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kr
directv948.defjud.wpd